ment of estoppel into the case against him. But even without it, the judgment of the court below would not be justified.

We do not think that the intervening claimant is liable to account to the defendant or the garnishing creditor even for the small profit of $12.40 which he will make if he secures the amount due on this contract. There was a possibility of loss undoubtedly through changed market, transportation or labor conditions, as well as of profit, when he took over the contract. We think he is entitled to the $270 in the hands of the garnishee, and we so find and reverse the judgment entered by the Municipal Court of Chicago on May 24, 1913, and give judgment here that the intervening claimant, E. D. Bosworth, have and recover of the garnishee, Henry Mayer, the sum of $270, for which in the answers of the garnishee he declared himself indebted to the defendant, the General Sales and Monument Company, and have execution therefor, and that on payment of said sum by the garnishee to the intervening claimant, E. D. Bosworth, the said garnishee, Henry Mayer, shall be forever released and discharged from the payment of said sum to any other person whatever.

*Reversed and judgment here.*

MR. JUSTICE McSURELY dissents.

---

**William McMurray et al., trading as the Bank of Big Wells, Texas, Defendants in Error, v. M. George and Company, Plaintiff in Error, and National Produce Bank of Chicago.**

**Gen. No. 19,600. (Not to be reported in full.)**

Error to the Municipal Court of Chicago; the Hon. HENRY C. BEITLER, Judge, presiding. Heard in this court at the October term, 1913. Affirmed. Opinion filed October 13, 1914.

## Statement of the Case.

Action by William McMurray, F. F. Petty and J. E. Franklin, trading as the Bank of Big Wells, Texas, against M. George and Company, a corporation, and National Produce Bank of Chicago, a corporation, to recover the purchase price of onions claimed to have been purchased by an agent of M. George and Company at a shipping point in Texas. The plaintiff sued as an assignee of the seller. On trial without a jury the suit was dismissed as to the defendant National Produce Bank of Chicago, and a judgment was entered in favor of plaintiff for $822.50. To reverse the judgment, the defendant M. George and Company prosecute a writ of error.

FRED H. ATWOOD, FRANK B. PLEASE, CHARLES O. LOUCKS and VERNON R. LOUCKS, for plaintiff in error; HAROLD L. REEVE, of counsel.

MATHER & HUTSON, for defendants in error; WILLIAM A. SHEEHAN, of counsel.

MR. PRESIDING JUSTICE BROWN delivered the opinion of the court.

## Abstract of the Decision.

SALES, § 329*—*when judgment for purchase price sustained by the evidence.* In an action for the purchase price of onions claimed by the plaintiff to have been purchased by an agent of defendant at a shipping point in Texas, and claimed by defendant to have been ordered on the theory of a "consignment for sale," a judgment in favor of plaintiff *held* sustained by the evidence.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.